IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ROSALIND BAYSAH § | |
| § | |
| vs. § | ACTION NO. 4:23-CV-750-Y |
| § | |
| WALMART, INC, § | |

**PLAINTIFF, ROSALIND BAYSAH'S FIRST AMENDED COMPLAINT**

COMES NOW, ROSALIND BAYSAH, Plaintiff in the above-entitled and numbered cause, and files this her, First Amended Complaint, complaining of WALMART, hereinafter "Defendant" or "Defendant, Walmart," and in support thereof would respectfully show unto the Court as follows:

### I.   DISCOVERY CONTROL PLAN

1.   This action arises under the common law of the State of Texas. There is not a scheduling order on file at this time.

### II.   PARTIES

2.   Plaintiff, ROSALIND BAYSAH, is an individual who is a resident of North Richland Hills, Tarrant County, Texas.

3.   Defendant, WALMART, is a foreign corporation doing business in the State of Texas. No service is requested on this defendant at this time, as this defendant has appeared and answered herein.

### III.   JURISDICTION AND VENUE

4.   Although the amount to compensate the Plaintiff is a matter lying largely within the discretion of the jury, the Plaintiff will show that such amount exceeds the minimum jurisdictional limits of this Court. Therefore, Plaintiff hereby affirmatively pleads for monetary

relief no less than $250,000.00 but not more than $1,000,000.00.

5.	The Court has jurisdiction over the Defendant herein, because the Defendant is engaged in business in the State of Texas, and the cause(s) of action set forth herein arise out of this Defendant's business activities in the State of Texas.

6.	Plaintiff submits that the Fort Worth Division of the Northern District of Texas is a proper venue for this civil action.

### IV.    FACTS

7.	On or about June 5, 2022, Plaintiff, ROSALIND BAYSAH, was an invitee at the premises owned, managed, and controlled by Defendant, WALMART, located at 6300 Oakmont Boulevard, Fort Worth, Tarrant County, Texas 76132. This premise was in the exclusive management, control, and possession of Defendant, WALMART, and their agents, employees, and representatives at the time of the occurrence which makes the basis of this lawsuit.

8.	At the time and on the occasion in question, Plaintiff was walking in the juice aisle when he slipped down due to an unknown gel type substance on the floor. There were multiple customers in the vicinity who might have saw the event and a manager came and took down information for an incident report. The resulting fall and related injury happened near the vending machines.

9.	At the time of the occurrence in question, Plaintiff was an invitee on the premises to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard Plaintiff from the conditions on the premises which posed an unreasonable risk of harm or to warn of the existence of such conditions.  In addition, Defendant owed Plaintiff a duty to make reasonable inspections to discover dangerous conditions and, thereafter, make such conditions safe or to warn of such conditions.  Defendant was negligent and breached the duties owed to Plaintiff.

Such negligence was the proximate cause of the occurrence and of Plaintiff's injuries and damages herein.

10. As a result of this occurrence, Plaintiff suffered serious and permanent bodily injuries and damages as a result of an unreasonably dangerous condition that was proximately caused by the negligence of Defendant and proximately caused Plaintiff to slip and fall.

### V.   LIABILITY OF DEFENDANT WALMART

11. At all times herein, Defendant Walmart, owned the property in question, located at 6300 Oakmont Boulevard, Fort Worth, Tarrant County, Texas 76132.

12. At all times mentioned herein, Defendant Walmart, had such control over the premises in questions, and Defendant owed certain duties to Plaintiff, the breach of which proximately caused Plaintiff's injuries, which are set forth herein.

13. Defendant Walmart, its agents, servants, and employees negligently permitted a liquid substance to leak or spread onto the floor without making the surface area reasonably safe to walk upon.  Defendant, through its agents, servants, and employees also negligently or willfully allowed such conditions to continue, and negligently or willfully failed to warn Plaintiff of the condition of the floor.  This condition existed even though Defendant, through its agent, servants, and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured therefrom, as it did to Plaintiff.

14. Furthermore, Plaintiff will show the Court that the condition of the floor had continued for such a period of time that, had Defendant, through its agents, servants, and employees exercised ordinary care in the maintenance of the spill, it would have been corrected by such persons.

15. As a result of this incident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter. This incident and the resulting injuries were brought about to occur and were proximately caused by the negligence of Defendant Walmart herein, including but not limited to the following:

   a. In failing to properly inspect and maintain the floor area in question to discovery the dangerous condition;

   b. In failing to maintain the floor in a reasonably safe condition;

   c. In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

   d. In failing to give warnings to Plaintiff of the unsafe condition;

   e. In failing to timely repair the condition causing the slip and fall;

   f. In its agents, servants, and employees failing to use the care of a reasonably prudent person under the same or similar condition; and,

   g. In committing various other acts and omissions of negligence, to be specified at the time of trial.

16. Each of the forgoing negligent acts and omissions, whether taken singularly or any combination, on the part of the Defendant amounted to negligence and were the proximate cause of the resulting injuries and damages to Plaintiff, which are described below.

## VI.    DAMAGES

17. As a direct and proximate result of this occurrence, Plaintiff was caused to suffer injuries to her neck, upper back, lower back, knees, ankles, shoulders, right elbow, and to incur the following damages:

   a. Medical care and expenses in the past. These expenses were incurred by the Plaintiff for the care and treatment of the injuries he sustained from the incident complained of herein;

   b. Medical care and expenses which, will be incurred in the future;

    c.      Physical pain and suffering Plaintiff sustained in the past;

    d.      Physical pain and suffering Plaintiff, in all reasonable probability, will sustained in the future;

    e.      Mental aguish in the past;

    f.      Mental anguish which, in all reasonable probability, will be suffered in the future;

    g.      Physical impairment sustained in the past;

    h.      Physical impairment which, in all reasonable probability, Plaintiff will suffer in the future;

    i.      Loss of earnings in the past;

    j.      Loss of earning capacity which Plaintiff will in all reasonable probability be incurred in the future; and,

    k.      Disfigurement.

These injuries, damages, and losses were brought about to occur and were proximately caused as a result of the incident made the basis of this lawsuit.

18.     Plaintiff further says that it if it be shown that he had a pre-existing disease or condition, then he will show that same was neither painful or disabling, and that as a result of the injuries inflicted upon him by the negligence of Defendant, her disease(s) or condition(s) were aggravated or incited to the extent that same became painful and disabling and proximately caused the damages described above.

19.     Plaintiff also asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed.

20.     Plaintiff also asserts a claim for costs where all such costs are allowed by law.

### VII.   PRAYER

21.     **WHEREFORE, PREMISES CONSIDERRED,** Plaintiff, ROSALIND BAYSAH, respectfully prays that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, WALMART, for damages in an amount within the jurisdictional limits of the Court, including exemplary damages, pre and post judgment interest at the highest applicable legal rate, costs of court, and all such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

ROLLE EATON LAW

__/s/ Chad W. Eaton____
**Chad W. Eaton**
Texas State Bar No.: 24056666
Email: chade@rolleeatonlaw.com
2030 Main Street, Suite 200
Dallas, Texas 75201
Telephone:    (214) 742-8897
Facsimile:    (214) 637-6872

## CERTIFICATE OF SERVICE

      I certify that on the 28th day of August, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the NextCM/ECF electronic case filing system of the court and/or served the foregoing document by another method authorized by Federal Rule of Civil Procedure 5(b). The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all pro se parties and/or attorneys of record who have consented in writing to accept this Notice as a service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2):

**Via CM/ECF**
**Via E-mail: david.sargent@sargentlawtx.com**
David L. Sargent
State Bar No. 17648700
**SARGENT LAW, P.C.**
1717 Main Street, Suite 4750
Dallas, Texas 75201
Telephone: (214) 749-6000
Facsimile: (214) 749-6100
**ATTORNEY FOR DEFENDANT**
**NORMANDIN TRANSIT INC.**

                                                                      */s/ Chad W. Eaton*
                                                                      CHAD W. EATON